## *Ex parte* ED HOUGHTON.

No. A. 19.    Opinion Filed October 24, 1908.

(97 Pac. 1021.)

1.    BAIL—Amount—Purpose. In fixing the amount of bail, the sole purpose which should guide the court or judge should be to cause the appearance of the accused to answer the charge against him.

2.    SAME—Presumption of Guilt. For the purpose of an application to reduce bail, after information filed the court must assume that defendant is guilty of the offense charged.

3.    SAME—Excessive Bail—Reduction. The Criminal Court of Appeals will not grant reduction of bail on habeas corpus, unless it clearly appears that the amount fixed by the trial court is excessive and clearly disproportionate to the offense involved.

4.    SAME—Case. Where five informations were filed against petitioner, each charging him with illegal sale of intoxicating liquor, an order admitting petitioner to bail in the sum of $500 on each charge was not excessive; but an order fixing bail in the sum of $1,000 each, on three subsequent charges for the same offense, is excessive. When the trial court fixed the bail upon each of the first five charges at $500, it necessarily determined that such sum was sufficient to secure

the attendance of petitioner to answer the subsequent charges. (Syllabus by the Court.)

Application of Ed. Houghton for writ of *habeas corpus.* Writ denied.

This is an original proceeding in this court for a writ of *habeas corpus.* The petition was filed, and the writ of *habeas corpus* was properly issued on said petition, on the 6th day of October, 1908, and made returnable on the 13th day of October, 1908, service of said writ being acknowledged, and accepted by the sheriff of Choctaw county; and the said sheriff made return, which is set forth in an agreed statement of facts, which is as follows:

### Agreed Statement of Facts.

"It is hereby agreed that the personal attendance of the petitioner herein, Ed Houghton, before the Criminal Court of Appeals on the hearing on petition for writ of *habeas corpus* herein, is waived. The personal attendance and appearance of the sheriff of Choctaw county, Okla., R. M. Connell, is also waived. It is agreed that the petitioner herein is held by R. M. Connell, sheriff of Choctaw county. Okla., by virtue of commitments issued to him out of the county court of said county, which commitments are regular on their face, commanding that said sheriff hold the said petitioner in default of bail, in the following cases:

"No. 185. Selling whiskey, bail, $ 500
"No. 189. Selling whiskey, bail, 500
"No. 193. Selling whiskey, bail, 500
"No. 194. Selling whiskey, bail, 500
"No. 265. Selling whiskey, bail 500
"No. 266. Selling whiskey, bail, 1,000
"No. 268. Selling whiskey, bail 1,000
"No. 275. Selling whiskey, bail, 1,000
"No. 279. Resisting arrest, bail, 500
"No. 289. Carrying pistol, bail, 250

"Witness our hands this the 10th day of October, 1908.
"R. M. Connell, Sheriff Choctaw County.
"J. M. Willis, County Attorney Choctaw County.
"Gross & Jordan, Attorneys for Petitioner."

Petitioner alleges that he is charged, by informations, with illegally selling whiskey, in nine different cases, and that the bond in the three last cases has been put at $1,000 each, and in the

other cases at $500 each; that he made application to the Hon. W. T. Glenn, county judge of Choctaw county, for a reduction on all of said bonds, and that said application was refused; that petitioner's restraint is illegal and unauthorized, because the amount fixed as bail, in each case, is excessive; that petitioner is a poor man, and can give bail in the sum of $250 only, in each case, and prays this court to reduce said bail in each case to a reasonable amount.

*Gross & Jordan, for petitioner.*—On the question of excessive bail: 3 Am. & Eng. Encyc. of Law 680, and notes; *United States v. Lawrence,* 14 Cranch (C. C.) 518; *United States v. Browner,* 7 Fed. Rep. 86; *West v. Colquit,* 71 Ga. 559.

*Charles West,* Attorney General, and *W. C. Reeves,* Assistant Attorney General, for respondent.

DOYLE, JUDGE   (after stating the facts as above).   It is contended by the petitioner that his constraint is illegal and unauthorized, because the bail fixed in each charge by the county court is excessive, and therefore illegal and unauthorized; so that the proceeding before us is, in effect, an application for a reduction of the bail heretofore fixed by the county court in which the informations were filed.   There are now pending, in said county court, 10 informations, and petitioner claims that, by reason of his poverty, he cannot give bail in the amount fixed by the county court.

The Bill of rights of this state provides:

"Sec. 8.   All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great.

"Sec. 9.   Excessive bail shall not be required."

When an indictment is rendered, or an information is filed, the court must assume, for the purpose of fixing bail, that the defendant is guilty of the offense charged.   *Ex parte McClellan ante,* p.—, 97 Pac. 1019.   Assuming, then, that the defendant is guilty of these several offenses, we are asked to say that the bail, as fixed by the county court, is "excessive" within the inhibition of the Bill of Rights.

Bail is not to be deemed excessive simply because the particular person charged cannot give the bail required, but bail should never be exacted for the purpose of punishing a person charged with crime, for no person is punishable for an offense except upon a plea of guilty, or upon a conviction by a jury. Bail is exacted for the purpose of securing the attendance of the defendant at court, at all times when his presence may be lawfully required, and in rendering himself in execution of any judgment that may be pronounced upon him. In applications to this court, in *habeas corpus,* for reduction of bail upon the ground that the amount fixed by the trial court is excessive, this court will not interfere, unless it clearly appears that the amount fixed is excessive, and entirely disproportionate to the offense charged, and is, in effect, a denial of the petitioner's constitutional rights. It must clearly appear that the trial court has abused its discretion before this court will reduce the amount.

In the case of *Ex parte Duncan,* 53 Cal. 410, the rule was stated that it must be assumed that the defendant was guilty of each of the 10 distinct offenses charged against him. And in *Ex parte Duncan,* 54 Cal. 75, upon the second application, after two trials had been had without a conviction, it was held that this presumption still prevailed. In the Duncan case the bail was in aggregate $112,000 upon 10 indictments, and the offense charged was embezzlement, for which the maximum penalty is 10 years upon each conviction.

In the case at bar the maximum penalty is $500 fine, and six months' imprisonment, upon each conviction. It is argued with much earnestness, by counsel for petitioner, that the court should not exact as great an amount of bail upon each charge, where there are several informations pending—as in this case—as it would if only one or two cases were pending. We do not think that this argument has much force. The more informations pending, the stronger the probability of conviction, and, necessarily, the greater inducement to defendant to become a fugitive from justice.

It is also argued that, in the first five cases filed against the petitioner, the court fixed the amount of the bail in each case in the sum of $500, that in the next three cases filed the court fixed the amount of the bail in the sum of $1,000 in each case, and that the action of the court in so doubling the amount of the bail in the latter cases was arbitary and unreasonable. This is the only point that appeals to us. When the county court fixed the bail at $500 upon each of the first five cases filed—being cases Nos. 185, 189, 193, 194, and 265—it necessarily determined that such sum was sufficient to secure the attendance of the defendant to answer to the offense charged in such information. We do not understand why the amount should be doubled in cases Nos. 266, 268, and 275; the offense charged being the same in all of said cases.

The petitioner shows in his application that he is a poor man, and this is a circumstance that should receive some consideration. But the fact that defendant is unable to give such bail as the court believes sufficient to insure his appearance would not justify this court in reducing the bail. We think that, to avoid a possible injustice, the bail should be fixed in cases Nos. 266, 268, and 275 in the same amount, to wit, $500, as in the other cases. It was argued that, owing to the crowded condition of the docket, some time would elapse before a trial could be had upon these cases; but it must be remembered that under the law and the Constitution of the state defendant is entitled to a speedy trial; and any considerable bail required under these circumstances might be, *per se,* excessive, and contrary to the spirit of our laws, and especially the Bill of Rights and the Constitution of this state. We are of the opinion that defendant should be admitted to bail in the cases designated Nos. 266, 268, and 275, in the sum of $500. The amount of bail that will still be required of petitioner under this order, which we make in this proceeding, will still be large in the aggregate, amounting to $4,750,—said bail to be approved as by law provided.

The relator is remanded to the custody of the sheriff of

Choctaw county.   The writ of *habeas corpus* denied generally, allowed in part.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.