### *Ex parte* E. S. McCLELLAN.

No. A. 18.   Opinion Filed October 24, 1908.

(97 Pac. 1019.)

1.   BAIL—Habeas Corpus—Presumption of Guilt. For the purpose of an application to reduce bail after information filed, the court must assume that defendant is guilty of the offenses charged.

2.   SAME—Reduction of Bail. The Criminal Court of Appeals will not ᵽrant a reduction of bail on habeas corpus, unless it clearly appears that the amount fixed by the trial court is excessive, and clearly dis- proportionate to the offense involved.

(Syllabus by the Court.)

In the matter of the application of E. S. McClellan for writ of *habeas corpus.* Writ denied.

This is a proceeding in this court for a writ of ˙*habeas corpus.* The petition was filed, and a writ of *habeas corpus* was properly issued on said petition the 6th day of October, 1908, and made returnable on the 13th day of the same month, service of said writ being ˙acknowledged and accepted by respondent R. M. Connell, sheriff of Choctaw county, Okla. The petition alleges that said petitioner is unlawfully imprisoned at Hugo, Choctaw county, by R M. Connell, sheriff of said county; that petitioner has been charged with illegally selling whiskey; that his bail is fixed at the excessive and unreasonable amount of $1,000 each in four cases; that he has applied to the Hon. W. T. Glenn, county judge of said county, for writ of *habeas corpus* that said bail be reduced; and that said application was by said judge de- nied; that he is a poor man, and unable to make bond in the ex-

cessive amount fixed by the county court, and that by reason thereof he is denied his constitutional rights.

It appears from the return that there is an agreed statement of facts, as follows:

AGREED STATEMENT OF FACTS.

"It is hereby agreed that the personal attendance· of the petitioner herein, E. S. McClellan, before the Criminal Court of Appeals on the hearing on petition for writ of *habeas corpus*, is waived. The personal attendance and appearance of the sheriff of Choctaw county, Okla., R. M. Connell, is also waived. It is agreed that the petitioner herein is held by R. M. Connell, sheriff of Choctaw county, Okla., by virtue of commitments issued to him out of the county court of said county, which commitments are regular on their face, commanding that said sheriff hold the said petitioner in default of bail in the following cases:

"No. 94. Keeping bawdyhouse, bond $1,000.

"No. 182. Unlawfully having in possession intoxicating liquor, bond $500.

"No. 183. Selling intoxicating liquor, bond $500.

"No. 186. Selling intoxicating liquor, bond $500.

'No. 206. Selling intoxicating liquor, bond $500.

"No. 264 Assault and battery, bond $50.

"No. 278. Resisting arrest, bond $1,000.

"No. 290. Carrying a pistol, bond $250.

"Witness our hands this 10th day of October, 1908.

"R. M. Connell, Sheriff Choctaw County.·

"J. M. Willis, Co. Atty., Choctaw County.

"F. M. Brook, Attorney for Petitioner."

*F. M. Brook,* for petitioner.

*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., for respondent.

DOYLE, JUDGE. (after stating the facts as above). The petitioner, E. S. McClellan, asks the court to admit him to bail upon four informations now pending against him in the county court of Choctaw county, wherein he is charged with illegally

selling whiskey, on the claim that the bail as fixed by said county court was excessive, and was in contravention of his rights under the Bill of Rights of the state of Oklahoma. The return and agreed statement of facts, which is made a part thereof, show that the petitioner is held on eight commitments, isued on informations filed in said county court, charging various and divers offenses. It further shows that the amount of bail now fixed by said court, where the offense charged is selling intoxicating liquor, is fixed in the amount of $500 in each case. It is evident that the bail so fixed is not excessive, but is very reasonable.

The Bill of Rights in this state provides:

"Sec. 8. All persons shall be bailable by sufficient sureties, except for capital offense, where the proof of guilt is evident or the presumption thereof is great.

"Sec. 9. Excessive bail shall not be required."

Bail is not to be deemed excessive simply because the particular person charged cannot give the bail required, but bail should never be exacted for the purpose of punishing a person charged with crime, for no person is punishable for an offense, except upon a plea of guilty, or upon a conviction by a jury of his peers. Bail is exacted for the purpose of securing the attendance of the defendant at court at all times when his presence may be lawfully required, and his rendering himself in execution in any judgment that may be pronounced against him. Upon the application to admit to bail after information is filed the court must assume that the defendant is guilty of the offense with which he is charged. In an application to this court upon *habeas corpus* for a reduction of bail, upon the ground that the amount fixed by the trial court is excessive, it is not sufficient that this court might originally have deemed a lesser amount sufficient. In our opinion it must clearly appear that the trial court has abused its discretion to an extent that denies the defendant his constitutional rights before this court will reduce the amount of bail as fixed by the trial court. It is the uniform rule that appellate courts will not interfere with the action of trial courts unless "the bail demanded be *per se* unreasonably great, and clearly dis-

proportionate to the offense involved." *Ex parte Duncan,* 54 Cal. 75.

In the foregoing case it was distinctly laid down that it must be assumed that the defendant was guilty of each of the 10 distinct offenses charged against him. *Ex parte Duncan,* 53 Cal. 410. And upon a second application, after two trials had been had without a conviction, it was held that this presumption still prevailed, as was said in *Ex parte Duncan, supra*:

"We are not to assume in this case the functions of the court committing the prisoner, or substitute our own for its judgment in fixing the amount of bail. Before we are authorized to interfere the bail demanded must be *per se* unreasonably great, and clearly disproportionate to the offense involved."

After a careful consideration of the matters presented it is our opinion that this court is not warranted in interfering with the matter of bail as fixed by the county court of Choctaw county.

The relator is remanded to the custody of the respondent. Writ of *habeas corpus* is denied.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.