*Ex parte* RUBLE *et al.*

No. A-3887—Opinion Filed Dec. 22, 1920.

(193 Pac. 1009.)

(Syllabus.)

1.  **HABEAS CORPUS—Application for Bail—Assumption of Guilt.**
    In habeas corpus proceedings, where the petitioner has been held
    to answer by an examining magistrate, his guilt will be assumed
    upon application for reduction of bail.

2.  **BAIL—Habeas Corpus—Excessiveness of Bail.** This court will
    not assume the functions of a committing magistrate or the
    trial court; and, to authorize interference, the bail fixed must
    be per se excessive and clearly disproportionate to the offense in-
    volved.

Original *habeas corpus* proceedings by Scott Ruble and
another. Application denied.

*Moran & Osmond* and *F. W. Church,* for petitioner.

The Attorney General, *M. Bristow, Co. Atty.,* and
*Wm. McFayden,* Asst. Co. Atty., for respondent.

DOYLE, P. J. The petition filed on behalf of Scott
Ruble and Chas. Eccleston alleges, in substance, that they
are illegally restrained of their liberty and unlawfully
imprisoned at Anadarko by Josh R. Cox, sheriff of Caddo
county, and sets forth that petitioners were jointly charged
with having on the 7th day of October, this year, burglar-
ized the vault of the State Bank of Gracemont, and upon
their preliminary examination they were held to the dis-
trict court and the bond of each fixed at $9,000, and they
were remanded to the sheriff; that, without questioning the
validity of the proceedings up to the fixing the amount of
the bond, petitioners allege that said restraint is illegal

and unauthorized in that said bonds required are excessive and unreasonable; that a petition was filed in the district court of Caddo county, and the district judge, upon hearing the same, refused to reduce the amount of said bonds. The petitioners base their application upon the constitutional provision which provides that "excessive bail shall not be required." Const. art. 2, § 9.

It is well settled that, for the purpose of an application to reduce bail, the court must assume that the defendant is guilty of the offense charged, and that this court will not grant a reduction of bail on *habeas corpus* unless it clearly appears that the amount fixed by the trial court is excessive and clearly disproportionate to the offense involved. *Ex parte McClellan*, 1 Okla. Cr. 299, 97 Pac. 1019; *Ex parte Houghton*, 1 Okla. Cr. 302, 97 Pac. 1021.

Section 1, c. 7, of the Session Laws of 1913, provides as follows:

"Section 1. Any person who enters any building, railway car, vehicle, or structure and there opens or attempts to open any vault, safe, or receptacle used or kept for the secure keeping of money, securities, books of accounts, or other valuable property, papers or documents, without the consent of the owner, by the use of or aid of dynamite, nitroglycerine, gunpowder, or other explosives, or who enters any such building, railway car, vehicle, or structure in which is kept any vault, safe or other receptacle for the safe keeping of money or other valuable property, papers, books or documents, with intent and without the consent of the owner, to open or crack such vault, safe or receptacle by the aid or use of any explosive, shall in either case be deemed guilty of felony, and upon conviction shall be punished by imprisonment in the state penitentiary for a term of not less than twenty (20) nor more than fifty (50) years."

The record before us contains no copy of the complaint or of the order of commitment. However, it sets forth that, when the magistrate ordered the petitioners held, the county attorney stated that his information was that the defendants are residents of Kansas City, that two other banks were robbed about the same time in this community, and he asked that the bond of each be fixed at $10,000. Thereupon the committing magistrate fixed the bond of each at $9,000.

It appears that there was about $30,000 in war saving stamps and other notes, bonds, and stocks in the deposit boxes in the vault at the time.

In applications of this kind we are not to assume the functions of the committing magistrate or the trial court in fixing the amount of bail. Before this court is authorized to interfere, the bail required must be per se excessive and clearly disproportionate to the offense involved. Upon a careful examination of the record presented and taking into consideration the character of the offense shown to have been committed, we are of opinion that the amount fixed by the magistrate is not unreasonable or excessive.

The application is therefore denied.

ARMSTRONG and MATSON, JJ., concur.