## Ex parte HARRY CAMPBELL et al.

No. A-3919. Opinion Filed Aug. 12, 1921.
(200 Pac. 455.)

Application of Harry Campbell and others to have amount of required bail reduced. Application denied.

Streeter Speakman and Crossland & Smith, for petitioner.

The Attorney General, W. C. Hall, Asst. Atty. Gen., and Thos. G. Andrews, Co. Atty., for respondent.

PER CURIAM. The petition filed February 18, 1921, on behalf of Harry Campbell, Roland Williams, Bob Parker, and G. R. Patton, alleges, in substance, that they and each of them are illegally restrained of their liberty and unlawfully imprisoned in the state penitentiary at McAlester, by H. L. Brown, sheriff of Lincoln county, and 'by the warden of the state penitentiary, and sets forth that petitioners were jointly

charged with having on the 5th day of January, 1921, burglarized the Farmers & Merchants Bank of Tyron, in Lincoln county in two cases, and setting forth a copy of the information so filed, attached to the petition.

It is further averred that the bond of each was fixed by the district court in the sum of $25,000, and that said bonds required are excessive and unreasonable, and that the district judge of Lincoln county was without authority or jurisdiction, to cause the said defendants to be committed to the said penitentiary at McAlester before trial and conviction was had, and that the constitutional rights of the defendants are thereby invaded, and praying that their bonds be fixed, by this court for their appearance, in a reasonable sum.

Also attached to said petition is an order of commitment, which among others contains the following recital:

"The county attorney suggests to the court the inadequacy and lack of facilities of the county jail to keep said defendants and each of them until the first day of the next regular term, and asks the court to commit the said defendants and each of them to the custody of the warden of the state penitentiary at McAlester, Oklahoma, and there to await the further order of this court; and that the sheriff of Lincoln county, Oklahoma, deliver the said defendants and each of them to the warden of the said penitentiary."

Upon the hearing counsel for the state demurred to the petition on the ground that the facts alleged were insufficient to entitle the petitioners to the relief prayed for; citing Ex parte Ruble, 18 Okla. Cr. 134, 193 Pac. 1009, wherein this court said:

"In applications of this kind we are not to assume the functions of the committing magistrate or the trial court in fixing the amount of bail. Before this court is authorized to interfere, the bail required must be per se excessive and clearly disproportionate to the offense involved."

After a careful examination of the record presented, we are of opinion that the demurrer to the petition is well taken. The demurrer is therefore sustained and the application denied.