## Ex parte S. F. HAYNIE.

No. A-5933. Opinion Filed Dec. 5, 1925.
(241 Pac. 209.)

Hodge & Schenk and Champion, Champion & George, for petitioner.

The Attorney General and F. M. Dudley, Co. Atty., for the State.

DOYLE, J. The application of S. F. Haynie for a reduction in the amount of bail required of him under 16 indictments for embezzlement of public funds while treasurer of Carter county, now pending against him in the district court of Carter county, was filed in this court December 2, and on the same day was heard and submitted upon the pleadings, proof, and the arguments of counsel. It is averred in the application—

"That the said S. F. Haynie on the 3d day of November, 1925, stood charged in the district court of Carter county, state of Oklahoma, in cases Nos. 2634, 2640, 2642, 2644, 2670, 2674, 2676, 2635, 2637, 2641, 2643, 2669, 2671, 2673, and 2675, with embezzlement of public funds, while treasurer of Carter county, Okla., that since his arrest he has been and still remains incarcerated in the jail in Carter county of Oklahoma; that on the said 3d day of November, 1925, the said S. F. Haynie, by and through his attorneys, made application to Judges W. F. Freeman and Asa E. Walden, in conference, asking said judges to fix the amount of appearance bond to answer said charges; that on said date said judges in conference made and entered an order fixing the amount of said appearance bonds in the total sum of $50,000, one bond of $25,000 in each division of the court, said court being divided into divisions Nos. 1 and 2, one of said bonds to cover all cases of even number, and the other bond to cover all cases of odd number."

It is further averred that on December 1st he applied to the above named judges for a reduction of the amount of said bail, showing that he had been unable, after diligent effort, to make the same to that amount; that said application for reduction of bail was denied; that the 16 indictments pending against him charge a total shortage in the public funds to the amount of approximately $125,000; that it is reported the entire shortage is $150,000; that while acting as treasurer of Carter county he was under bond as such treasurer in the sum of $100,000; that the

amount of said bail heretofore fixed is unreasonable and excessive; and that a much smaller amount would be amply sufficient to guarantee his presence upon the charges preferred.

By express provisions of the Constitution of this state all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof of guilt is evident or the presumption thereof great, and excessive bail shall not be required. Const. art. 2, §§ 7 and 8. Bail is not to be deemed excessive, however, simply because the particular person charged cannot give the bail required. Bail should not be exacted for the purpose of punishing a person charged with crime, for no man is punishable for a felony except on his plea of guilty or upon conviction by a jury of his peers. Bail is exacted for the purpose of securing the attendance of the accused at court at all times when his attendance may be lawfully required, and his rendering himself in execution of any judgment that may be pronounced against him.

Upon an application to admit to bail after indictment returned or information filed, the court must assume that the defendant is guilty of the offense with which he is charged. In an application to this court upon habeas corpus for a reduction of bail upon the ground that the amount fixed by the trial court is excessive, this court will not interfere unless it clearly appears that the amount fixed is excessive.

It is not sufficient that this court might originally have deemed a lower amount sufficient; it must clearly appear that the trial court has abused its discretion to an extent that denies the defendant his constitutional rights before this court will reduce the amount of bail as fixed by the trial court. It is the uniform rule that appellate courts will not interfere with the actions of the trial court unless "the bail demanded be per se unreasonably great and clearly dis-

proportionate to the offense involved." Ex parte McClellan, 1 Okla. Cr. 299, 97 P. 1019; Ex parte Houghton, 1 Okla. Cr. 302, 97 P. 1021; Ex parte Ruble, 18 Okla. Cr. 134, 193 P. 1009.

Upon consideration of the application, and the proof offered and the character of the offenses charged, we are of opinion that this court is not warranted in interfering with the matter of bail as fixed by the court to which the indictments were returned.

The application is accordingly denied.

BESSEY, P. J., and EDWARDS, J., concur.