### Ex parte JAMES F. HAYWORTH.

No. A-6164. Opinion Filed April 6, 1926.
(244 Pac. 827.)

Brown Moore, for petitioner.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. This is an application for writ of habeas corpus. It is alleged that petitioner, James F. Hayworth, is restrained of his liberty and unlawfully imprisoned in the county jail of Payne county by the sheriff of said county; that petitioner is charged with manufacturing liquor; that his bail is fixed at the excessive and unreasonable amount of $2,000, for his appearance for trial in the county court of Payne county; that said petitioner is a farmer and residing with his family in said county, and that they have lived in that particular neighborhood for the past nine years; that he has been unable to give said excessive bail, and the same is in violation of his constitutional rights; and that he be admitted to bail in a reasonable sum, in said action now pending before the county court of said county.

The constitutional provision is: "Excessive bail shall not be required." Bill of Rights, § 9. Bail is not to be deemed excessive because the particular person charged cannot give the bail required, but bail should not be exacted for the purpose of punishing a person charged with crime, for no person is punishable for an offense except upon a plea of guilty or upon a conviction by a jury of his peers. Bail is exacted for the purpose of securing the attendance of the defendant at court at all times when his presence may be lawfully required and his rendering himself in execution of any judgment that may be pronounced against him. Ex parte McClellan, 1 Okla. Cr. 299, 97 P. 1019.

In an application to this court for habeas corpus, for a reduction of bail upon the ground that the amount fixed by the trial court is excessive, it is not sufficient that this court might originally have deemed a lesser amount sufficient. It must clearly appear that the trial court has abused its discretion to an extent that denies the defendant his constitutional rights, before this court will reduce the amount of bail as fixed by the trial court, as the Constitution is supreme, and as the rights which it guarantees to the people were intended to be and should be upheld. We have, in view of this, and upon consideration of the matters presented in this case, arrived at the conclusion that the bail fixed by the trial court is excessive and clearly disproportionate to the offense involved.

It is therefore considered, adjudged, and ordered that the bail required be reduced to $1,000 bond, to be conditioned as by law required, and, upon the approval of the same by the court clerk, respondent is directed to discharge petitioner.