## Ex parte CHARLEY HOLDEN.

No. A-8615. Oct. 20, 1933.
(24 Pac. [2d] 665.)

52

 

Joe Adwon, for petitioner.

Lewis Morris, Co. Atty., for respondent.

CHAPPELL, J. This is an original proceeding in this court ¦for a writ of habeas corpus for reduction of bail. The petition was filed on the 14th day of August, 1933. An order to show cause was issued to Stanley Rogers, sheriff, returnable on the 15th day of August, 1933, service of said order to show cause being acknowledged and accepted by respondent.

The petitioner alleges that he is unlawfully imprisoned at Oklahoma City, in Oklahoma county, by Stanley Rogers, sheriff of said county; that petitioner has been charged with carrying concealed weapons; that his bail is fixed at the excessive and unreasonable amount of $2,000. Petitioner asks this court to reduce the amount of said bail and permit his release upon the making of the same.

Respondent answered that he was holding petitioner in custody upon a commitment issued from the common pleas court of Oklahoma county; that bail bond had been set in said case at the sum of $2,000 by the judge of said court; that petitioner had not executed and had approved said bail. Respondent further shows to the court that the judge of the common pleas court in setting said appearance bond took into consideration the character and past record of petitioner, which shows that he had hereto-

fore been convicted of manslaughter in the first degree in the killing of a peace officer; that later he pleaded guilty to the killing of another peace officer; that he had served a term in the federal penitentiary for the possession of narcotics, and that, since his release from the penitentiary, within the past three months, he has been convicted in the justice court of this county of carrying concealed weapons; that, in view of the above and foregoing facts, respondent denies that the action of the common pleas court in fixing said bond in the sum of $2,000 is excessive and in violation of the Constitution and laws of this state.

The Criminal Court of Appeals will not grant a reduction of bail, unless it clearly appears that the amount fixed by the trial court is excessive and clearly disproportionate to the offense involved. Ex parte McClellan, 1 Okla. Cr. 299, 97 Pac. 1019.

Article 2, § 9, of the Constitution, provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

The only question, therefore, to be determined is whether the bond of $2,000 in the instant case is excessive.

In fixing the amount of bail, the magistrate should take into consideration the nature of the crime charged and its punishment, and may also consider the character of the accused and his means and standing. 6 C. J. page 960, § 178; People v. Smith, 1 Cal. 9; State v. Burrows, Kirby (Conn.) 259; Ex parte Alexander, 59 Mo. 598, 21 Am. Rep. 393; State v. Rockafellow, 6 N. J. Law, 332; People v. Cunningham, 3 Parker Cr. R. (N. Y.) 520; People v. Dixon, 4 Parker Cr. R. (N. Y.) 651; People v. Goodwin, 1 Wheeler Cr. Cas. (N. Y.) 443.

This rule finds support in several leading English cases.

In Re Jacobs, 4 Okla. Cr. 346, 111 Pac. 815, this court said:

"The mere fact that a defendant cannot make bond in a; certain sum does not necessarily make said sum excessive. Regard must be had to the nature of the crime alleged to have been committed, and the chaacter of the testimony by which it is supported."

The object of imprisonment for failure to give bail previous to trial is not punishment, but the security of the person of the alleged defendant to await the judgment of the law. In ordinary cases this object is supposed to be attainable by the execution of sufficient and reasonable bail.

In ordinary cases the carrying of concealed weapons by persons without previous criminal record and without having exhibited a criminal tendency to use such weapons, a; $2,000 bail would be excessive and should be reduced by this court. No set rule can be fixed as to the amount of bail in any particular case, but each case must stand upon the facts surrounding that particular case.

In the case at bar, considering the long criminal record of petitioner and his disposition, as shown by the past, to use these weapons, places his case outside of the ordinary offense of carrying concealed weapons and justifies the magistrate, under all the facts in the case, in fixing the bail, as he did, at the sum of $2,000.

For the reasons stated, the writ is denied.

EDWARDS, P. J., and DAVENPORT, J., concur.