Application of Bobby J. PULLIAM and Robert L. Gleason, for reduction of bond by Habeas Corpus.

No. A–12954.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1960.

Howard, Carr & Harris, John D. Harris, Tulsa, for petitioners.

Mac Q. Williamson, Atty. Gen., Robert Simms, County Atty., Tulsa, for respondent.

BRETT, Judge.

This is an original action by petitioner for Habeas Corpus brought by Bobby Jim Pulliam and Robert Leslie Gleason for reduction of bail in certain pending cases.

It appears that in case No. 18652 pending in the District Court of Tulsa County, Oklahoma, on a charge of burglary in the second degree after former conviction of a felony, that the bond set in the Court of Common Pleas at $5,000 was raised to $10,000 in the District Court for both of said petitioners.

It further appears in said petition that in case No. 18572 pending in the District Court of Tulsa County, Oklahoma, on a charge of second degree burglary after former conviction of a felony, that bonds of said Bobby J. Pulliam and Robert Leslie Gleason were set in that cause in the sum of $3,500 in the District Court of Tulsa County, Oklahoma.

It further appears in case No. 18639 pending against Bobby J. Pulliam individually on the charge of carrying a concealed weapon after prior conviction of a crime of violence that the appearance bond of said Pulliam was set therein at $1,500.

It further appears that in case No. 18640 on a charge of larceny of an automobile that bond originally set by committing magistrate at $5,000 was enhanced to $10,000 by the District Judge.

It further appears that in case No. 18641 on a charge against Bobby J. Pulliam on a charge of second degree burglary after prior conviction of a felony that bond before the committing magistrate was fixed at $3,500, but was set at $10,000 in District Court of Tulsa County, Oklahoma.

Petitioner alleges that said bonds are excessive. To this petition the state made response and generally denied that said bonds were excessive.

In Ex parte Haynie, 32 Okl.Cr. 409, at pages 411–412, 241 P. 209, at page 210, this court said:

"Bail is exacted for the purpose of securing the attendance of the accused at court at all times when his attendance may be lawfully required, and his rendering himself in execution of any judgment that may be pronounced against him.

"Upon an application to admit to bail after indictment returned or information filed, the court must assume that the defendant is guilty of the offense with which he is charged. In an application to this court upon Habeas Corpus for a reduction of bail upon the ground that the amount fixed by the trial court is excessive, this court will not interfere unless it clearly appears that the amount fixed is excessive.

"It is not sufficient that this court might originally have deemed a lower amount sufficient; it must clearly appear that the trial court has abused its discretion to an extent that denies the defendant his constitutional rights before this court will reduce the amount of bail as fixed by the trial court. It is the uniform rule that appellate courts will not interfere with the actions of the trial court unless "the bail demanded be per se unreasonably great and clearly disproportionate to the offense involved." Ex parte McClellan, 1 Okl.Cr. 299, 97 P. 1019; Ex parte Houghton, 1 Okl.Cr. 302, 97 P. 1021; Ex parte Ruble, 18 Okl.Cr. 134, 193 P. 1009.

"Upon consideration of the application, and the proof offered and the character of the offenses charged, we are of the opinion that this court is not warranted in interfering with the matter of bail as fixed by the court to which the indictments were returned."

■ Transcripts of evidence taken at the hearing in lower court at time of arraignment and fixing of bonds were introduced and argument heard herein and the principal basis of contention was that the trial court made the observation that although Pulliam and Gleason had had numerous involvements with the courts that they have been timely in their appearances. This statement forms the principal basis in their contention for reduction of bail. Notwithstanding this statement, the District Court saw fit to raise the bonds originally set by the committing magistrate. Under the provisions of 21 O.S.A. § 51, the maximum penalty for all of these offenses except one might be in excess of ten years. Because of the numerous brushes with the law and the severity of the possible penalties that might be imposed in the cases pending, we can only presume that the trial court felt that the bonds set in these several cases were in such amounts as would be necessary for the purpose of securing appearance of the petitioners at court when their attendance might be lawfully required, and it does not clearly appear in the record before us that the amount is excessive. It is not for us to say that we might have deemed a lower amount sufficient since we are authorized by law only to interfere when it appears that the trial court has abused its discretion to an extent that it denies defendant his constitutional rights. Const. Art. 2, Secs. 7, 8.

It does not appear that the bails demanded in the within cases are per se unreasonably great and clearly disproportionate to the offense involved.

For the foregoing reasons we are of the opinion that we are not warranted in reducing the bail herein required. Application for writ of Habeas Corpus is accordingly denied.

NIX, J., concurs.

POWELL, P. J., not participating.