**Petition of Edward Gultner ORR, Glen Norton Ledbetter and William Joseph Ledbetter.**

**No. A–13345.**

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1963.

---

Kienzle & Kienzle, Shawnee, Jack B. Sellers, Jon Franklin Gray, Sapulpa, for petitioners.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Larry McSoud, County Atty., Creek County, for respondent.

JOHNSON, Judge.

This is an original application by the petitioners for habeas corpus or reduction of bond.

The petitioners were charged in Creek County, Oklahoma with the crime of rape in the first degree. They were taken before J. M. Jones, justice of the peace, Drumright, Oklahoma, and upon their preliminary hearing January 8, 1963 were bound over for trial by the district court of Creek County.

The records show that the petitioners had previously been taken before the district court of Creek County for the purpose of fixing bond, and bond was fixed for each in the amount of $10,000.

The record further shows that the examining magistrate, upon hearing the evidence, did not reduce this bond but left it at $10,000.

The record further shows that the petitioners made application to the district court of Creek County for a writ of habeas corpus, a motion to dismiss, and a motion to reduce bond, all of which were denied.

It has been the uniform holding of this Court that where an accused has had a preliminary hearing or examination and a finding of sufficient cause has been made by the examining magistrate and by him transmitted to the district court and an information filed, a defendant cannot resort to the writ of habeas corpus on the ground that the evidence adduced at the preliminary examination was insufficient to show that a felony had been committed, or that there was sufficient cause for believing the defendant guilty thereof. Ex parte

Burroughs, 10 Okl.Cr. 87, 133 P. 1142; Ex parte Patman, 20 Okl. 846, 95 P. 622; Ex parte Black, 37 Okl.Cr. 83, 256 P. 941; Ex parte Lansdon and Daniel Daniels, 38 Okl.Cr. 59, 258 P. 1065; Ex parte Eason, et al., 45 Okl.Cr. 211, 282 P. 684.

■ The office of the writ of habeas corpus is not to determine guilt or innocence of the petitioners, and the only issue it presents is whether or not the petitioners are restrained of their liberty by due process of law. Ex parte Burroughs, 10 Okl. Cr. 87, 133 P. 1142.

■ It appears that the petitioners have not been deprived of their liberty without due process of law. They were properly arraigned and the time between arraignment and their preliminary examination was not excessive. There is not a lack of evidence to show sufficient cause to bind them over from their preliminary examination and an information has been properly filed in the district court. Therefore, on these facts and authorities, writ denied.

The petitioners allege that the bonds set in this case are excessive.

In Ex parte Haynie, 32 Okl.Cr. 409, 241 P. 209, this Court said:

■ "Bail is exacted for the purpose of securing the attendance of the accused at court at all times when his attendance may be lawfully required, and his rendering himself in execution of any judgment that may be pronounced against him.

"* * * In an application to this court upon habeas corpus for a reduction of bail upon the ground that the amount fixed by the trial court is excessive, this court will not interfere unless it clearly appears that the amount fixed is excessive.

"It is not sufficient that this court might originally have deemed a lower amount sufficient; it must clearly appear that the trial court has abused its discretion to an extent that denies the defendant his constitutional rights be-

fore this court will reduce the amount of bail as fixed by the trial court. It is the uniform rule that appellate courts will not interfere with the actions of the trial court unless 'the bail demanded be per se unreasonably great and clearly disproportionate to the offense involved.' Ex parte McClellan, 1 Okl.Cr. 299, 97 P. 1019; Ex parte Houghton, 1 Okl.Cr. 302, 97 P. 1021; Ex parte Ruble, 18 Okl.Cr. 134, 193 P. 1009."

■ This Court upon examination of the transcript of the preliminary hearing feels that, because of the nature of the offenses charged and because it is evident that the district court and the examining magistrate both felt that the bond was in an amount as would be necessary for the purpose of securing the appearance of the petitioners at court when their attendance might be lawfully required, the writ for reduction of bond should be denied.

Application for writ of habeas corpus and reduction of bail is, accordingly, denied.

BUSSEY, P. J., and NIX, J., concur.